[No. 16330.  Department One.  October 6, 1921.]

THE STATE OF WASHINGTON, *on the Relation of Great Northern Railway Company, Appellant,* v. F. R. HERSCHBERGER *et al., Respondents.*[1]

MUNICIPAL CORPORATIONS (3-1)—PETITION TO INCORPORATE—PUBLICATION OF NOTICE—DESCRIPTION OF BOUNDARIES—STATUTES. A notice of hearing by the county commissioners upon a petition for the formation of a town, which fails to describe the boundaries as petitioned for is such a jurisdictional defect as to invalidate the proceedings for incorporation.

Appeal from a judgment of the superior court for Okanogan county, Neal, J., entered August 12, 1920, in favor of the defendants, denying an application for a writ to review proceedings for the incorporation of a town, upon sustaining a motion to quash the writ. Reversed.

*Charles S. Albert* and *Ernest E. Sargeant (A. J. Laughon,* of counsel), for appellant.

*W. C. Gresham,* for respondents.

FULLERTON, J.—On December 1, 1919, certain electors of a portion of the county of Okanogan filed a petition with the board of county commissioners of that county, praying that a portion thereof be incorporated as a municipal corporation under the name of the town of Molson.  The petition contained an accurate description of the boundaries of the proposed corporation, and was in other respects sufficiently regular.  On the presentation of the petition, the board of county commissioners fixed January 6, 1920, at 10 o'clock a. m., in the rooms of the board in the courthouse at the city of Okanogan, as a time and place for hearing the petition, and directed that the

[1]Reported in 201 Pac. 2.

petition be published, together with a notice of the hearing, for at least two weeks preceding the hearing, in the Molson Leader, a newspaper printed and published in the county of Okanogan. An attempt was made to comply with the order of the board, but the petition as published, in describing the boundaries of the proposed corporation, did not follow the petition, but so described the boundaries as to exclude a considerable part of the territory which the boundaries as set forth in the petition included, even if the description can be said to be otherwise intelligible. The board of county commissioners found at the hearing, notwithstanding this defect in the publication, the proceedings to be in all respects regular, and submitted the question of incorporation to the electors of the proposed corporation, and thereafter, the election being favorable, entered an order declaring the territory as described in the original petition to be duly incorporated as a town of the fourth class, under the name and style of the town of Molson. The appellant now before us thereupon applied to the superior court of Okanogan county for a writ seeking a review of the several orders of the board of county commissioners. In its petition it set forth in substance the entire proceedings had with relation to the incorporation. The board, on its appearance in the proceeding, moved to quash the writ on the ground that the application did not state facts sufficient to constitute a cause of action, or grounds sufficient to entitle the applicant to the relief sought. The court sustained the motion, and after the applicant had elected to stand on its petition, entered a judgment of dismissal.

The single question presented here is whether the failure of the published notice to correctly describe the boundaries of the proposed corporation is fatal to the proceedings. It is our conclusion that it is so. The

publication of the petition, together with notice of the
time of the hearing therein, is the jurisdictional pro-
cess by which the persons affected by the incorporation
are brought into the proceedings. The requirement
that such publication be made is the positive mandate
of the statute. The object of the requirement is to
give persons affected by the proposed corporation an
opportunity to appear and oppose or favor the incor-
poration as they may deem their interests require,
and manifestly this right is denied them unless they
be given notice of the true boundaries of the proposed
corporation. No question with respect to the forming
of a municipal corporation is more important to the
property holder than the question of its boundaries.
It is conceivable that a property holder may have no
objection to the incorporation if it included only the
territory described in the notice given him, while he
would seriously oppose it if it included less or differ-
ent territory. To say, therefore, that a notice need not
describe the territory is not only to deny the mandate
of the statute, but it is to open the doors to oppor-
tunity for fraud.

No principle of law is better settled than the prin-
ciple that notice must be given of the organization of
a municipal corporation in the form prescribed by
statute. Abbott, in his work on Municipal Corpora-
tions, p. 34, uses this language:

"It is a fundamental rule of law that before action
or proceedings of any character can be legally taken
affecting the rights, either property or political, of an
individual, he must have notice of the pendency of
such proposed action or proceedings. This rule of
law applies to the present question. A proposed
municipal or quasi public corporation necessarily in-
cludes the property of a large number of individuals.
The law gives them a right to be heard upon all
matters pertaining to or affecting their rights. The

necessary petition preliminary to the organization of a public corporation, under authority of law, must be brought home either by actual or constructive notice to the attention of all possessing rights within the limits of the territory included.''

So this court, in *Territory ex rel. Kelly v. Stewart,* 1 Wash. 98, 23 Pac. 405, said:

''There are few, if any, acts of state bearing upon individuals more important than those which determine their liability to be included in particular municipalities; and the cases are rare in which they have not been allowed an opportunity of being heard in every step of the proceedings.''

In *State ex rel. Blum v. Port of Bayocean,* 65 Ore. 506, 133 Pac. 85, the question was on the sufficiency of an election notice held to determine whether a port should be organized. The statute required the description of the territory proposed to be included therein to be published in the notice of the election. In the description a call of a course was omitted, and the question was whether this invalidated the proceedings. The court said:

''We do not believe the notice of election sufficiently describes the exterior boundaries of the proposed port. The omission of one call from the description of the boundary leaves a hiatus to be supplied by the imagination of the person reading the notice. A defective description of a boundary in a deed may be corrected by a suit to have it reformed according to the true intent of the parties, but a misdescription in an election notice cannot be corrected nor reformed by any sort of proceeding. It must be absolutely definite in itself. This notice lacks that quality, and the proceeding is void.''

But the authorities need not be multiplied. They are in substantial accord on the proposition that the notice is jurisdictional and must be complied with if the proceedings are to have validity.

The judgment is reversed, and the cause remanded with instructions to reinstate the case and proceed in accordance with the prayer of the petition.

PARKER, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.