[No. 36324.   Department One.   August 16, 1962.]

HUGH MCALMOND et al., Appellants, v. THE CITY OF BREMERTON, Respondent.*

*Reported in 374 P. (2d) 181.

*Perrine & Thompson,* by *Donald H. Thompson,* for appellants.

*Roy A. Holland,* for respondent.

FOSTER, J.—Plaintiffs appeal from a judgment dismissing an action to enjoin the respondent (defendant) from proceeding with the annexation of appellants' lands.

Appellants' five assigned errors relate to findings of fact. We find no error. The annexation proceedings are valid. We affirm.

Appellants rely on *Fosburgh v. Sando,* 24 Wn. (2d) 586, 166 P. (2d) 850, in support of their position that "northerly" and "easterly" indicate only general directions. That case dealt with the validity of a real-estate contract under the statute of frauds, while here we consider only what governmental agency will have control over the specified area. However, a description by which a competent surveyor, either with or without the aid of extrinsic evidence, can ascertain the property in question is sufficiently definite. *Booten v. Peterson,* 34 Wn. (2d) 563, 209 P. (2d) 349; *Dixon v. Bremerton,* 25 Wn. (2d) 508, 171 P. (2d) 243.

Appellants' expert testified that the terms were, in fact, indefinite and ambiguous, but respondent's city engineer, whose qualifications as a surveyor are unquestioned, testified that he could survey the property from the description and the accompanying map contained in the petition. The court's decision was based on evidence contained in the record, and we will not substitute our judgment. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn. (2d) 570, 343 P. (2d) 183.

Appellants next contend that the petition contains an insufficient number of signatures for two reasons. (1) In two instances, the signatures of a husband and wife were affixed as "John and Mary Doe." The appellant urges that

RCW 35.13.130 requires signatures to conform to the county auditor's records, that is, two separate signatures, John Doe, Mary Doe. The statute, however, does not so require. Further, the record shows conclusively that each person signed the petition.

(2) Appellants urge that the number of signatures on the petition is insufficient because three persons had withdrawn their signatures from the petition, and, although revocation was attempted, respondent had then assumed jurisdiction which invalidated the attempt. The revocations were made July 12, 1961. It is appellants' position that, as the certification of the petition was completed by the city engineer on June 20, 1961, in connection with the annexation of a separate and unrelated area (which annexation would make the property here in question contiguous to the city), the city assumed jurisdiction of the petition at that time. The record establishes that on July 13, 1961, the statutory public hearing was set by the city council.

■ *State ex rel. Mohr v. Seattle*, 59 Wash. 68, 109 Pac. 309, and subsequent cases decide that signatures to petitions, such as recall and annexation, may be withdrawn at any time prior to the assumption of jurisdiction over the petition by the appropriate authority. The same rule applies to revocations of withdrawals.

■ By the terms of RCW 35.13.140,[1] the jurisdiction of the respondent city on the annexation petition did not attach until it was formally entertained and July 13, 1961, fixed as the day on which it would be heard. The revocation

---

[1]"Whenever a petition for annexation is filed with the city or town council, or commission in those cities having a commission form of government, which meets the requirements herein specified, of which fact satisfactory proof may be required by the council or commission, the council or commission may entertain the same, fix a date for a public hearing thereon and cause notice of the hearing to be published in one issue of a newspaper of general circulation in the city or town. The notice shall also be posted in three public places within the territory proposed for annexation, and shall specify the time and place of hearing and invite interested persons to appear and voice approval or disapproval of the annexation. The expense of publication and posting of the notice shall be borne by the signers of the petition." RCW 35.13.140.

of the withdrawal was valid and the petition had sufficient signatures.

Appellants next contend that the petition did not conform to RCW 35.13.125 (Laws of 1961, chapter 282, § 18, p. 2288), which became effective June 8, 1961. The new act amended the old law to require that notice of the proposed annexation petition must be given to the legislative body concerned, and that body must then set a date for a meeting with the initiating parties to determine if the municipality will accept the proposed annexation and whether the new territory will be required to assume any of the existing municipal indebtedness.

At the city council meeting of July 12, 1961, the required ten per cent of the property holders made proper application to circulate an annexation petition. It was decided then and there that the proposed annexation would be accepted by the city with no assumption of debt by the new territory. The next evening, July 13, 1961, although a new petition was not circulated (the old one was refiled and recirculated), the petition was formally entertained and a hearing date set pursuant to RCW 35.13.140.

Had this annexation proceeding been started after the effective date of RCW 35.13.125, nothing short of strict compliance would be effective. This case, however, appears to be *sui generis*. To require the recirculation of the petition would cause great expense, hardship and delay. The city council had notice of the proceedings, decided that the new territory would be exempt from the existing debt of respondent, and decided to accept the petition. The petition had, in fact, been circulated and was recertified and refiled. No prejudice appears, and we agree with the trial court that it would be inequitable and unjust to require the whole matter to be done again. To so do would be to require the doing of a useless act which the law abhors.

Appellants' final contention is that the petition is misleading. It complies strictly with the address provisions of the statutes, and has been directed to the appropriate officials. There is no error.

Affirmed.

FINLEY, C. J., WEAVER, ROSELLINI, and OTT, JJ., concur.