[No. 39509.    Department One.    August 15, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. PATRICK M. McLAUGHLIN, *Appellant*.*

*Wm. J. Gaffney*, for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *William L. Dowell*, for respondent.

PER CURIAM.—Charged by information with the crime of first degree forgery, defendant waived trial by jury and did not present evidence in his defense.

*Reported in 444 P.2d 699.

Defendant appeals upon a short record from a judgment and sentence entered after the trial court found him guilty of the crime charged.

At the time of arrest and at the time defendant was booked at the police station, he was advised of his constitutional rights. Shortly thereafter, defendant signed a statement that he had been so advised.

The arresting officer testified — and the testimony is not controverted — that within 15 minutes after defendant was booked, he filled out, at the request of the officer, a handwritten exemplar card. The card contained, among other things, the defendant's writing of capital letters of the alphabet, lower case letters of the alphabet, the months of the year, and numbers from 1 to 20. Its place in this trial is not before us, for we have only a partial record of the testimony. Defendant also signed a card requesting the right to make a telephone call.

From the short record before us, it appears that the signed statements requesting to make a telephone call and acknowledging that defendant had been advised of his constitutional rights were not admitted in evidence.

Defendant filed a motion and affidavit to suppress the (a) telephone request card; (b) a "handwritten alphabet and handwriting exemplar card, and [c] any other handwriting specimens" of defendant upon the grounds that they were obtained from defendant involuntarily. By stipulation, counsel agreed that the motion should be heard on the day of trial.

On appeal, defendant's five assignments of error[1] present three issues. (1) the refusal of the trial court to hear oral evidence pertaining to defendant's motion and affidavit to suppress the telephone request card, the signed admission of constitutional warnings, and the handwriting exemplar; (2) the failure of the trial court to grant the motion to suppress; and (3) the court's refusal to direct the prosecu-

---

[1]One assignment of error was not argued in defendant's appellate brief and is deemed waived. *Seattle v. Schaffer*, 71 Wn.2d 600, 430 P.2d 183 (1967).

tion to produce in evidence defendant's signed admission that he had been given the required constitutional warnings.

None of the assignments of error have merit; they require little discussion.

■ We adhere to the rule that it is within the discretion of the trial court to allow oral testimony, in addition to affidavits, when hearing a motion to suppress evidence. *State v. Green,* 43 Wn.2d 102, 105, 260 P.2d 343 (1953), and authorities cited. Neither defense counsel's affidavit nor his offer of proof show any facts from which it could be concluded that the trial court abused its discretion. They contain all facts relied upon to present the legal question to be resolved. The trial court properly exercised its discretion.

■ The trial court properly denied the motion to suppress defendant's handwritten exemplar. Defendant wrote it shortly after being advised of his constitutional rights; it was admittedly made without duress and without promise. There is nothing in the record to indicate that it was involuntary. See *State v. Craig,* 67 Wn.2d 77, 406 P.2d 599 (1965).

Finally, defendant contends that the trial court should have compelled the state to produce the card he signed which stated that his rights had been explained to him. He claims that the form would be relevant to the issue of whether the exemplar card had been completed voluntarily. The trial court refused the request. Defendant has not shown in what way the form would have been relevant, and we cannot imagine one. No prejudice has been shown.

The judgment is affirmed.

---

October 9, 1968. Petition for rehearing denied.