[No. 40284.    En Banc.    May 20, 1970.]

THE CITY OF TUKWILA, *Respondent,* v. KING COUNTY, *Appellant.*

THE STATE OF WASHINGTON, *on the Relation of Charles O. Carroll, Appellant,* v. THE CITY OF TUKWILA, *Respondent.**

*Charles O. Carroll* and *Herbert Danz,* for appellants.

*Reported in 469 P.2d 878.

*Hullin, Ehrlichman, Roberts & Hodge,* for respondent.

*Maurice M. Epstein,* amicus curiae.

FINLEY, J.—In essence this lawsuit is a quo warranto action. It stems from a protracted dispute between King County and the City of Tukwila involving a proposed annexation by the city of a small tract of land (6.7 acres) in the Green River Valley. In the quo warranto phase of the action, King County questioned the authority of the city to consummate the annexation. Collaterally, the city sought prohibition against interference by the county with Tukwila's jurisdiction over the annexed land. The trial court consolidated the actions, denied the quo warranto relief sought by the county and entered summary judgment for the city. King County has appealed.

Tukwila is a third-class city located in south King County. Several individuals, not parties to the present suit, owned the land involved in the proposed annexation and apparently wanted to construct a warehouse on this property in a burgeoning industrial area. But King County zoning would not permit this. As the land was contiguous to Tukwila, its owners petitioned that city on January 18, 1961, for the annexation of their land under the provisions of RCW 35.13.125. Tukwila was apparently amenable to the proposed annexation and notice of a public hearing on the subject was published February 21, 1962, in the Renton Chronicle. This notice was the starting point in the many errors which eventually culminated in this lawsuit.

The legal description in the notice was deficient in that there was an ambiguity in the description of one portion of the boundaries. Portions of the description, in fact, are garbled as a result of a drafting or typographical error. There is no contention that there was not actual notice; apparently all of the property owners with property within the area of the proposed annexation knew of the hearing regarding annexation and actually attended.

Following the public hearing, the Tukwila City Council enacted ordinance No. 357. This ordinance, using the same defective land description as used in the published notice,

was forwarded along with accurate maps of the annexed area to the King County Engineer's Office after it was filed with the county commissioners. When it appeared that the description was defective, the ordinance was returned to respondent city. In the meantime, the city council had enacted a zoning ordinance, using the same defective description in classifying or zoning the property for "light industry."

An amendatory ordinance, No. 361, was then enacted May 12, 1962. It contained a description which differed in part from the original annexation petition and from the accompanying maps. This ordinance was also filed with the county commissioners, forwarded to the engineer's office, and subsequently returned on February 26, 1963, for clarification because of a conflict between the maps and the legal description.

For the next 4½ years Tukwila treated the property as a part of the city; issuing building permits, providing fire and police protection, and in general rendering those services normally provided by a municipality. However, the question of which governmental entity had jurisdiction finally became critical when the city issued a building permit on August 8, 1967, for a warehouse on the subject property. On the day before, August 7, the city council had again amended the description in both the zoning and annexation ordinances, apparently in an attempt to ensure that any defect in the land description would be remedied. On August 24 the county issued a stop-work order regarding construction of the warehouse. Tukwila sought a writ of prohibition; the county in return filed an information in quo warranto. Thereupon, the superior court decided the dispute in favor of the city and King County noted an appeal.

The trial court based its decision upon RCW 35.24.440 which provides:

Procedure to attack consolidation or annexation of territory. Proceedings attacking the validity of the consolidation of a city of the third class or the annexation of territory to a city of the third class shall be by quo warranto only, instituted by the prosecuting attorney of

the county in which the city is located or by a person interested in the proceedings whose interest must clearly be shown. The quo warranto proceedings must be commenced within one year after the consolidation or annexation proceedings complained of and no error, irregularity, or defect of any kind shall be the basis for invalidating a consolidation or annexation after one year.

The statute has several consequences. It limits the method of attacking the validity of an annexation involving a third-class city by providing one, and only one, remedy —quo warranto. But authorization to initiate a quo warranto action is expansive and includes any interested person as well as the prosecuting attorney, who traditionally is the plaintiff in the usual quo warranto action.[1] As a result of the statutory provisions the prosecuting attorney cannot enjoin municipal activity or take any other collateral judicial or administrative action designed to challenge the validity of the annexation. More specifically, neither the engineer's office nor the county commissioners are authorized to simply reject an annexation ordinance which has been filed. Quo warranto is the sole remedy available when there is an attack on the procedural regularity of the annexation.[2] In sum, it is a broad, readily available and direct remedy with only one major limitation—it must be brought within 1 year of the proposed annexation. The crucial statutory language is clear and quite inclusive in purport: "[N]o error, irregularity, or defect of any kind shall be the basis for invalidating a consolidation or annexation after one year."

[1] See discussion in E. McQuillan, 17 Municipal Corporations § 50.02 (1967); Comment, Annexation by Municipal Corporations, 37 Wash. L. Rev. 404 (1962).

[2] We do not at this time decide whether there may be some defects outside the procedural sphere which may make the proceedings void ab initio. See, e.g., an attempt to annex noncontiguous property, prohibited by RCW 35.13.010, or to annex property when similar proceedings have already commenced, in violation of RCW 35.13.050. Neither do we decide whether there may be some municipal acts, pursued in bad faith, which could be akin to fraud and invalidate an attempted annexation. These possibilities are simply not present in the instant case where there is a good faith, albeit blundering, attempt to follow all procedural requirements.

38

(Italics ours.) However, the county makes two arguments which we think must be carefully evaluated. First, the county argues that as the published notice was defective there was no notice of the proposed annexation—a basic, jurisdictional due process failure which is fatal to the proposed annexation.

There is a distinction which must be drawn between statutory notice and notice required by due process. The United States Supreme Court has held that in some circumstances the notice by publication, required by statute, may be inadequate to meet the requirements of constitutional notice. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1950); *Schroeder v. New York*, 371 U.S. 208, 9 L. Ed. 2d 255, 83 S. Ct. 279 (1962). However, as *Schroeder* pointed out, there are "practical considerations which make it impossible to draw a standard set of specifications as to what is constitutionally adequate notice, to be mechanically applied in every situation." As to those whose property is actually being annexed, notice by publication may be the bare minimum required by the constitution. *See State ex rel. Great Northern Ry. v. Herschberger*, 117 Wash. 275, 201 P. 2 (1921). Even here the requirements for the exact descriptions used in deeds do not necessarily apply. *Compare McAlmond v. Bremerton*, 60 Wn.2d 383, 374 P.2d 181 (1962), *with Fosburgh v. Sando*, 24 Wn.2d 586, 166 P.2d 850 (1946). But there is no assertion here that those whose property is annexed did not have notice. Indeed the property owners, in a brief amicus curiae, claim that they not only had actual notice but that they actually attended the hearing in question. Appellant county contends that there should also have been notice to other property owners in the vicinity. We agree. The inaccurate description was not a full compliance with the statutory scheme. If the 1 year limitation on quo warranto actions had not run, it might have been the basis of attacking the annexation.[3] But we

_____

[3] A minor error in notice does not mean the automatic invalidation of the annexation proceedings. A number of states, including Washington, have adopted a substantial compliance rule for the annexations.

are not here concerned with notice required by the statute. Instead our concern is with that notice required by due process in order for the property owners in the vicinity of, but not within, the proposed area to be annexed to be able to protect their interests. *Cf. Walker v. Hutchinson,* 352 U.S. 112, 1 L. Ed. 2d 178, 77 S. Ct. 200 (1956) ("notice required will vary with circumstances and conditions."); *see also Miller v. Mercedes,* 361 S.W.2d 464 (Tex. Civ. App. 1962) (3-mile error in annexation notice does not invalidate annexation when interests of all parties protected by notice as given).

█ This involves an analysis of exactly what is the scope of the interests of property owners in the vicinity of the annexed area but not actually within that area. The interests clearly are not of the same magnitude as those whose land, in fact, is being annexed. Only residents of the land to be annexed can petition for an annexation election, RCW 35.13.020; and only such residents are entitled to vote at the election, RCW 35.13.070. Only landowners in the proposed annexation area can sign a petition if, as in the instant case, the petition method is utilized. RCW 35.13.130. Despite the substantially greater interest of the landowners within the annexed area, we will assume that neighboring landowners have an interest entitled to some legal recognition and protection. It seems to us, however, at the most the interest of the neighboring landowners is such that they should be notified of annexations in the general vicinity of their property and be given a chance to appear and be heard. Such condition would be met by notice sufficient enough to alert the reasonable man that an annexation proceeding was proposed or pending concerning land in the

---

*See* the extensive discussion in *Withan v. McNutt,* 186 Ore. 668, 208 P.2d 459 (1949); *cf. School Dist. 81 v. Taxpayers of School Dist. 81,* 37 Wn.2d 669, 225 P.2d 1063 (1950). Under this rule an annexation will not be invalidated because of a minor technical deficiency in the proceedings. The substantial compliance rule would be a defense in the absence of a curative statute. It would also be a defense to a quo warranto action brought within 1 year. The curative statute assumes that there has not been substantial compliance but disallows an attack on any error after 1 year.

general vicinity of neighboring landowners' property. The notice as published in the instant case, although somewhat ambiguous about parts of the northern boundary of the area involved in the proposed annexation, certainly is sufficient to alert anyone interested if they read it that an annexation proceeding was underway involving a neighboring or adjacent area. In the case at bar, maps and the original petition were on file with the city and readily available for inspection.

We do not believe that *State ex rel. Great Northern Ry. v. Herschberger*, 117 Wash. 275, 201 P. 2 (1921), is in conflict with the foregoing. In *Herschberger* certain residents of a portion of Okanogan County sought the incorporation of the town of Molson. A petition was presented and notice of a hearing was published in a local newspaper. The published notice described an area substantially smaller than that described in the petition and the subsequent election. This court held that the inaccurate land description constituted a jurisdictional defect. In doing so, the court relied upon the fact that the publication was the only way of notifying all of the residents of the territory involved. The court, quoting from H. Abbott, 1 Municipal Corporations 34 (1905), noted:

> "The necessary petition preliminary to the organization of a public corporation, under authority of law, must be brought home either by actual or constructive notice to the attention of all possessing rights within the limits of the territory included."

*State ex rel. Great Northern Ry. v. Herschberger, supra* at 277-278. We agree. In that case there was neither actual nor constructive notice. In the instant case those "possessing rights within the limits of the territory" had *actual notice* and *were actually at the hearing*. We find that the error in the description was not of a due process magnitude and thus cannot be asserted in this instance.

Appellant also contends that the quo warranto action, filed in 1967, was timely because the annexation was never completed, *i.e.*, the description had never been accepted for filing by the county. This involves an analysis of

another portion of Title 35. RCW 35.13.150 provides in part: "Upon passage of the ordinance a certified copy shall be filed with the board of county commissioners of the county in which the annexed property is located." This provides notice to the county. If there is any objection, error, or deficiency in the annexation, the county then can proceed with the *only remedy* available under the statute —a quo warranto action *filed within 1 year.* There is no statutory provision which allows the county commissioners to challenge an annexation simply by refusing to accept the ordinance which is filed.

Since this quo warranto action was not filed within 1 year, it is not timely and was correctly dismissed. The judgment of the trial court is affirmed.

HUNTER, C. J., WEAVER, ROSELLINI, HAMILTON, NEILL, HALE, and McGOVERN, JJ., concur.

