**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 82732-4-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JONATHAN LEROY FROHS, | ) | ORDER GRANTING |
| | ) | MOTION TO PUBLISH |
| Appellant. | ) | OPINION |
| | ) | |

Non-party Washington Defender Association filed a motion to publish the court's May 16, 2022 opinion. The court requested that the appellant and respondent file an answer, which were both filed on June 9, 2022. After consideration of the motion and answers, the panel has determined the motion should be granted. Now, therefore, it is hereby

ORDERED that the motion to publish is granted.

FOR THE PANEL:

_____

FILED
5/16/2022
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 82732-4-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNATHAN LEROY FROHS, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Johnathan Frohs filed a CrR 7.8 motion in superior court requesting three amendments to his 2013 judgment and sentence. The State conceded that the motion was properly before the superior court and that one amendment, reducing part of Frohs's sentence, was required. Without holding oral argument on the motion, the court amended Frohs's sentence and declined to make the two other amendments. The gravamen of Frohs's argument on appeal is that the trial court failed to consider two of his amendments because the court did not hold oral argument or enter detailed written findings. Because CrR 7.8 does not require that a superior court hold oral argument on every postconviction motion and does not require remand for entry of written findings for each part of a motion when the decision allows review, his argument fails.

Therefore, we affirm in part and remand for a ministerial hearing to amend Frohs's judgment and sentence.

No. 82732-4-I/2

FACTS

In August of 2013, Frohs pleaded guilty to, among other charges, first degree manslaughter and third degree assault with a firearm. His offender scores ranged from 13 for the conviction for third degree assault with a firearm up to 24 for the manslaughter conviction.[1] The court imposed a 216-month term of incarceration on the manslaughter conviction to run concurrently with other convictions. Because of the firearm enhancement and his high offender score, the court imposed a 60-month term of incarceration and a 12-month period of community custody on the third degree assault conviction.

On February 15, 2021, Frohs filed a motion in superior court to amend his judgment and sentence and requested a hearing. He filed the motion "simply [as] an effort to obtain a valid sentence."[2] Frohs moved for three modifications: first, reducing his term of incarceration on the third degree assault conviction to 48 months because the total of 72 months' confinement exceeded the statutory maximum for a class C felony; second, having the superior court calculate the number of days he spent in jail before being sentenced; and, third, striking a DNA[3] collection fee. The court entered a show-cause order that construed Frohs's motion as being made under CrR 7.8 and ordered the State to file a response.

---

[1] Clerk's Papers (CP) at 53, 55.

[2] CP at 33.

[3] Deoxyribonucleic acid.

2

No. 82732-4-I/3

On April 8, 2021, the State filed its response. The State agreed the motion was properly made under CrR 7.8, conceded the motion was not time barred, conceded that resentencing was required on the third degree assault conviction because it exceeded the statutory maximum, argued the other modifications were not warranted, and argued a factual hearing was not required because all three issues were entirely legal. The next day, the State sent Frohs a notice scheduling his CrR 7.8 motion "for hearing without oral argument" on May 5.[4]

On May 5, the court entered an order reducing the time of incarceration on the third degree assault conviction to 48 months and maintaining "[a]ll other provisions of the Judgment and Sentence."[5]

Frohs appealed. In March of 2022, after the parties filed their opening and responsive briefs, Frohs filed a supplemental brief with this court requesting that a previous conviction for simple possession be stricken pursuant to State v. Blake.[6] The State filed a supplemental brief in response.

<u>ANALYSIS</u>

I. CrR 7.8 Motion

Frohs argues the trial court "granted partial relief but failed to address [his] other issues," thus requiring remand with directions to hold another hearing and enter findings under CrR 7.8.[7] According to Frohs, this relief is required because

---

[4] CP at 46.

[5] CP at 3.

[6] 197 Wn.2d 170, 481 P.3d 521 (2021).

[7] Appellant's Br. at 8-9.

3

No. 82732-4-I/4

the trial court violated the procedures in CrR 7.8(c) by not holding oral argument or entering written findings.

We review a trial court's decision on a CrR 7.8 motion for abuse of discretion.[8] A trial court abuses its discretion if its decision rests on untenable factual grounds or was made for untenable legal reasons.[9] We review a trial court's interpretation of a court rule de novo and interpret the rule by applying the rules for statutory interpretation.[10]

CrR 7.8 governs motions for postconviction relief, and CrR 7.8(c) sets the procedures for such collateral attacks.[11] CrR 7.8(c)(2) requires transfer of a postconviction motion to this court for consideration as a personal restraint petition (PRP) unless the motion is not time barred and "either the defendant has made a substantial showing of merit or a factual hearing is required to decide the motion."[12] The trial court is prohibited from deciding the merits of a motion if those

---

[8] State v. Crawford, 164 Wn. App. 617, 621, 267 P.3d 365 (2011) (citing State v. Gomez-Florencio, 88 Wn. App. 254, 258, 945 P.2d 228 (1997)).

[9] State v. Robinson, 193 Wn. App. 215, 217-18, 374 P.3d 175 (2016) (citing State v. Powell, 126 Wn.2d 244, 258, 893 P.2d 615 (1995)).

[10] State v. Waller, 197 Wn.2d 218, 225, 481 P.3d 515 (2021) (citing State v. McEnroe, 174 Wn.2d 795, 800, 279 P.3d 861 (2012); Wiley v. Rehak, 143 Wn.2d 339, 343, 20 P.3d 404 (2001)).

[11] State v. Molnar, 198 Wn.2d 500, 508-09, 497 P.3d 858 (2021) (quoting State v. Waller, 197 Wn.2d 218, 220, 481 P.3d 515 (2021)).

[12] In re Ruiz-Sanabria, 184 Wn.2d 632, 638, 362 P.3d 758 (2015) (citing CrR 7.8(c)(2)).

conditions are not met.[13] But if one of those conditions is met,[14] then CrR 7.8(c)(3) states the superior court "shall enter an order fixing a time and place for hearing and directing the adverse party to appear and show cause why the relief asked for should not be granted." The plain terms of CrR 7.8(c) do not require oral argument for a show cause hearing, only that the court consider the motion after hearing from both parties.[15] Indeed, the general rule for criminal motions, CrR 8.2, provides that courts look to CrR 3.6 for guidance,[16] and CrR 3.6 gives courts discretion to decide "based upon the moving papers" whether an evidentiary hearing is required.[17]

Here, the court decided to hold a hearing without oral argument on May 5, 2021, after it received Frohs's CrR 7.8 motion, the State's response, and the State's calendar notice for a hearing without oral argument on May 5. The State

---

[13] Molnar, 198 Wn.2d at 509.

[14] See id. (explaining the procedures of CrR 7.8(c)(3) apply "[i]f for any reason the superior court does not transfer the collateral attack") (first emphasis added).

[15] See id. ("It is only after the adverse party has responded to this order to show cause that a superior court may decide whether to grant or deny relief on a collateral attack.").

[16] CrR 8.2 also provides that CrR 3.5 and CR 7(b) govern criminal motions. Motions for reconsideration in a criminal case are governed by CR 59(b), (e), and (j).

[17] CrR 3.6(a); see State v. Kipp, 171 Wn. App. 14, 28, 286 P.3d 68 (2012) "The trial court has discretion whether to take oral testimony on a motion to suppress.") (citing State v. McLaughlin, 74 Wn.2d 301, 303, 444 P.2d 699 (1968)), rev'd on other grounds, 179 Wn.2d 718, 317 P.3d 1029 (2014); see also State v. Green, 43 Wn.2d 102, 105, 260 P.2d 343 (1953) ("In this state, the court, when conducting a hearing on a motion to suppress evidence, may consider oral testimony in addition to, or in lieu of, affidavits.").

contended oral argument was not required to consider the motion's merits, and

Frohs neither disagreed nor requested oral argument. Thus, under the

circumstances, the superior court's decision to decide the motion on the pleadings

was reasonable and complied with CrR 7.8(c)(3).

Other than his assertions about the procedures required by CrR 7.8(c),

Frohs does not argue a hearing was required to resolve the issues presented by

his motion. Even if he did, the motion could be resolved entirely on the pleadings.

No hearing was required on Frohs's resentencing request because the State

conceded resentencing was required to reduce the term of incarceration for the

third degree assault conviction. A hearing was not required on Frohs's request to

specify time served because it was undisputed that the trial court had already

ordered the Department of Corrections to credit Frohs for "any time served solely

on this cause number from [the] time of original booking" to the day he was

sentenced.[18] And a hearing was not required on Frohs's request to strike the DNA

fee because the law in effect at the time of sentencing, former RCW 43.43.7451

(2013), required that a DNA collection fee be imposed on every offender

regardless of whether the State had already collected it.[19] Because Frohs fails to

---

[18] CP at 23; see RCW 9.94A.505(6) (requiring that a sentencing court "give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being served.").

[19] LAWS OF 2011, ch. 125, § 1; see State v. Phillips, 6 Wn. App. 2d 651, 677-78, 431 P.3d 1056 (2018) (explaining the DNA collection fee should be stricken only if a sentence was not yet final when RCW 43.43.7451 was amended in 2018).

6

show the trial court abused its discretion by deciding his CrR 7.8 motion without oral argument, this argument fails.

Frohs relies upon In re Ruiz-Sanabria[20] to argue remand is required for the superior court to enter written findings. In Ruiz-Sanabria, this court dismissed a PRP, and our Supreme Court reversed because this court lacked the full record when it dismissed the petition.[21] An offender filed a CrR 7.8 motion in superior court to withdraw his guilty plea, and the State requested that the court transfer the motion to this court as a PRP.[22] The offender objected, but the trial court granted the transfer motion, explaining only that the offender had "filed a post-conviction motion."[23] Under the unusual and peculiar circumstances in Ruiz-Sanabria, it was unclear whether the superior court "engaged in a meaningful CrR 7.8(c)(2) analysis" before transferring the motion.[24] Because this court lacked the full record and the basis of the superior court's transfer decision was unclear, the Supreme Court remanded to this court with orders to either remand to the superior court for reconsideration of its transfer decision or for this court to reconsider dismissal after obtaining the full record.[25] Thus, Ruiz-Sanabria stands for the

---

[20] 184 Wn.2d 632, 362 P.3d 758 (2015).

[21] Id. at 642.

[22] Id. at 637.

[23] Id.

[24] Id. 642.

[25] Id.

unremarkable proposition that a superior court should explain a disputed transfer decision sufficiently to allow review.[26]

Here, unlike Ruiz-Sanabria, transfer was not disputed. Frohs cites no authority for the proposition that the superior court must enter an order on an undisputed procedural issue. And here, unlike the unusual circumstances of Ruiz-Sanabria, the appellate record and superior court order provide a sufficient basis to allow review. Even if the superior court erred by not explaining the basis for denying part of Frohs's motion, we decline to remand because he demonstrates no prejudice from the alleged error and because remand for entry of an order denying the amendments would constitute a useless act wasting judicial resources.[27]

II. Void Conviction

Frohs argues a 1994 conviction for simple possession is void under Blake and requests that we "remand Mr. Frohs' case so that the [Snohomish County]

---

[26] See Waller, 197 Wn.2d at 226 (quoting Ruiz-Sanabria, 184 Wn.2d at 638, to explain a trial court "'should expressly[ ] state the basis for the transfer'" when transferring a CrR 7.8 motion to the Court of Appeals (alteration in original) (internal quotation marks omitted)).

[27] See Matter of Williams, 21 Wn. App. 238, 242, 583 P.2d 1262 (1978) (declining to order a petitioner's chosen remedy because doing so "would be a useless act" causing "a waste of judicial time" under the circumstances); see also Ten Bridges, LLC v. Guandai, 15 Wn. App. 2d 223, 242, 474 P.3d 1060 (2020) (declining to remand to correct an alleged procedural defect when doing so caused no prejudice and would waste judicial resources) (citing McAlmond v. City of Bremerton, 60 Wn.2d 383, 386, 374 P.2d 181 (1962); Jaramillo v. Morris, 50 Wn. App. 822, 833, 750 P.2d 1301 (1988)), review denied, 487 P.3d 515 (Wash. 2021).

superior court can vacate the [1994] conviction."[28]  The State agrees that Frohs's

conviction is void.  But it contends the Snohomish County Superior Court lacks the

authority to vacate Frohs's 1994 conviction because he was convicted in King

County.

The premise of the State's argument is that Frohs "does not seek any relief

with regard to the Snohomish County conviction or sentence," thus depriving the

Snohomish County Superior Court of the authority to vacate a void conviction from

King County.[29]  This State is incorrect.  Frohs is seeking relief from convictions

entered by the Snohomish County Superior Court, and the trial court's

determination of Frohs's criminal history and calculation of his offender score

included his 1994 King County conviction.  The accuracy of an offender's criminal

history is an issue before a sentencing court.[30]  Because it is undisputed that the

1994 conviction was void, he is seeking relief from the court's inaccurate

determination of his criminal history and offender score.

"'[W]hen a sentence has been imposed for which there is no authority in

law, the trial court has the power and duty to correct the erroneous sentence.'"[31]

---

[28] Supp'l Appellant's Br. at 2.

[29] Supp'l Resp't's Br. at 1.

[30] State v. Cobos, 178 Wn. App. 692, 697-98, 315 P.3d 600 (2013); see RCW 9.94A.530(2) (requiring that a trial court hold an evidentiary hearing to determine the accuracy of a criminal history when disputed by the defendant).

[31] State v. Kilgore, 167 Wn.2d 28, 41, 216 P.3d 393 (2009) (quoting In re Pers. Restraint of Goodwin, 146 Wn.2d 861, 869, 50 P.3d 618 (2002)) (internal quotation marks omitted) (alteration in original); see Blake, 197 Wn.2d at 195 (vacating an offender's conviction for simple possession because the law authorizing the conviction was unconstitutional).

No. 82732-4-I/10

CrR 7.8(b)(4) provides a superior court with authority to "relieve a party from a final judgment, order, or proceeding" when "[t]he judgment is void." The State does not address CrR 7.8(b)(4) or explain why this rule does not grant the Snohomish County Superior Court the authority to strike a void conviction from Frohs's judgment and sentence.[32] Because the validity of the 1994 King County conviction is presented squarely by Frohs's motion, and the Snohomish County Superior Court has the authority and duty to provide relief from a void judgment, the trial court can strike the void conviction.

Frohs requests very limited relief, asking only that his 1994 conviction be vacated.[33] He does not request resentencing due to this correction. Indeed, Frohs stated he is "not seek[ing] withdrawal of his plea nor attempt[ing] to collaterally attack the judgment imposed" and is making "simply an effort to obtain a valid sentence."[34] Because Frohs requests such limited relief and the change to his offender scores will not affect the standard ranges for his convictions, the trial

---

[32] The State's cites to art. IV, §§ 5, 7, and to State ex rel. Campbell v. Superior Court, 34 Wn.2d 771, 210 P.2d 123 (1949), but this authority is inapposite. Both the constitutional provisions and Campbell consider the authority of visiting and pro tempore judges. They do not address the authority of a superior court to consider a motion for postconviction relief made to the superior court that entered the conviction.

[33] Supp'l Appellant's Br. at 2.

[34] CP at 31.

10

court has the discretion to determine whether a hearing or further proceedings are required after correcting Frohs's judgment and sentence.[35]

Therefore, we affirm the trial court's CrR 7.8 rulings and remand for correction of Frohs's judgment and sentence.

WE CONCUR:

---

[35] See Kilgore, 167 Wn.2d at 41-42 (concluding a trial court had discretion to resentence an offender after a correcting his offender score because "his presumptive sentencing range remained the same").