**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
SEPTEMBER 28, 2023

*González C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
SEPTEMBER 28, 2023

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 101691-3 |
| Petitioner, | Court of Appeals No. 55774-6-II |
| v. | EN BANC |
| JOHN MCWHORTER, | |
| Respondent. | Filed: September 28, 2023 |

PER CURIAM—John McWhorter pleaded guilty in adult court to crimes he committed when he was a juvenile. He later moved for resentencing to enable the trial court to consider the mitigating qualities of his youth. The superior court granted the motion for a resentencing hearing, and the State appealed this order to Division Two of the Court of Appeals.

The Court of Appeals, however, ruled that the superior court's order was not appealable by the State, so it dismissed the appeal. The State filed a petition for review in this court. We grant the petition, and for reasons discussed below, we reverse the Court of Appeals and remand to that court to consider the State's appeal.

FACTS

In 1997, McWhorter pleaded guilty in Kitsap County Superior Court to first and second degree rape and first degree robbery, all committed while armed with a firearm.

McWhorter committed these crimes when he was 17 years old. He ultimately received a term of incarceration of 376 months.

In 2016, McWhorter moved in superior court for resentencing, arguing that the trial court at his original sentencing erred in failing to consider the mitigating qualities of his youth. He asked that court to reverse his sentence and hold a new sentencing hearing with consideration of his youth.

The superior court first transferred the motion to the Court of Appeals for treatment as a personal restraint petition pursuant to CrR 7.8(c)(2), finding the motion untimely. But in 2020, after staying the matter pending other decisions, the Court of Appeals remanded the matter back to the superior court for further consideration of whether the motion was time barred.

Back in superior court, the State conceded the timeliness of the motion but moved to transfer the matter back to the Court of Appeals on the basis McWhorter demonstrated no prejudice from any error related to the consideration of his youth and therefore failed to make a substantial showing of entitlement to relief. *See* CrR 7.8(c)(2) (postconviction motion in superior court must be transferred to Court of Appeals for treatment as personal restraint petition if petitioner fails to make a substantial showing of entitlement to relief). The superior court denied the State's motion and ordered that "[a] resentencing hearing shall be scheduled at the earliest convenient date." Sealed Clerk's Papers at 170.

The State appealed this order to the Court of Appeals. But the Court of Appeals held that the superior court's order was not appealable by the State. It therefore dismissed the appeal in an unpublished opinion without addressing the merits. The State now seeks this court's review.

ANALYSIS

The State may appeal a limited number of decisions in a criminal prosecution, including "[a]n order arresting or vacating a judgment." RAP 2.2(b)(3). The State argues that the superior court's order scheduling a resentencing hearing "vacated" the original judgment and sentence, making the order appealable under that RAP.

The Court of Appeals rejected this argument. It reasoned that when the superior court ordered resentencing, it did not necessarily "arrest or vacate" the judgment against McWhorter—because McWhorter did not ask the superior court to vacate the judgment and sentence, and because nothing in the trial court's order stated that it was vacating the judgment and sentence.

The Court of Appeals' decision conflicts with *State v. Waller*, 197 Wn.2d 218, 481 P.3d 515 (2021). In *Waller*, the defendant filed a motion in superior court seeking resentencing to consider his relative youth in mitigation and asking the court to vacate his judgment and set a resentencing hearing. The court scheduled a resentencing hearing and directed the parties to brief the proper scope of resentencing, but it did not explicitly vacate the judgment and sentence. The State appealed, but the Court of Appeals held that the State had no right to appeal under RAP 2.2(b)(3) because the superior court's resentencing order did not vacate the judgment and sentence.

We reversed. We held that the superior court's order had the effect of vacating the sentence, and hence the judgment, thus making the order appealable under RAP 2.2(b)(3). *Id.* at 227.

This case is identical in relevant respects to *Waller*. It is certainly true that McWhorter did not expressly ask the superior court to vacate the judgment and sentence (although he did ask the court to "reverse" the sentence) and that the superior court did not expressly state that the judgment and sentence was vacated. But our decision in *Waller* was not based on whether or not the defendant expressly asked to vacate his

judgment and sentence and our decision in *Waller* was not based on whether or not the superior court expressly ordered that the judgment and sentence be vacated. Instead, our decision in *Waller* was based on the fact that the superior court ordered a complete resentencing hearing. *Id*. By the act of ordering a complete resentencing hearing at which the superior court would exercise its sentencing discretion anew, the court effectively vacated the original judgment and sentence. *Id*. at 228. In other words, "'[u]ntil the trial court exercised its *independent judgment by imposing a new judgment and sentence*,'" there is "'no sentence,'" and thus the resentencing order "'effectively vacat[ed] the judgment.'" *Id*. (first alteration in original) (quoting *State v. Kilgore*, 167 Wn.2d 28, 36 n.5, 216 P.3d 393 (2009)); *see also In re Pers. Restraint of Skylstad*, 160 Wn.2d 944, 954, 162 P.3d 413 (2007).

The same thing happened in McWhorter's case. The superior court ordered a complete resentencing to consider the mitigating qualities of McWhorter's youth, and until that resentencing occurs, there is "no sentence." Thus, in this case, as in the *Waller* case, the original judgment was "vacated" within the meaning of RAP 2.2(b)(3).

CONCLUSION

The superior court's order setting a resentencing hearing to consider the mitigating qualities of McWhorter's youth was an "order arresting or vacating a judgment" under RAP 2.2(b)(3), appealable by the State. The State's petition for review is granted, the Court of Appeals is reversed, and the matter is remanded to that court for further proceedings.