# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57221-4-II |
| Respondent, | |
| v. | |
| ANTHONY JOSEPH PASCUZZI, | PUBLISHED OPINION |
| Appellant. | |

GLASGOW, C.J. — A jury found Anthony Pascuzzi guilty of two counts of first degree child molestation. The sentencing court imposed an exceptional sentence because the jury found that Pascuzzi had used his position of trust to facilitate both offenses and the judge found that Pascuzzi's unscored misdemeanors, unscored foreign convictions, and other unscored convictions resulted in a presumptive sentence that was clearly too lenient. In the sentencing court's findings of fact and conclusions of law, it wrote that these grounds, taken together or considered individually, justified the exceptional sentence. And it wrote that it would impose the same sentence regardless of Pascuzzi's offender score.

Pascuzzi later filed a CrR 7.8 motion for relief from judgment because his offender score needed to be reduced by one point after *State v. Blake*.[1] Following a show cause hearing, the trial

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

court denied the motion, reasoning that Pascuzzi's sentence expressly would be the same regardless of his offender score.

Pascuzzi appeals. He argues that it is unclear whether the sentencing court would have imposed the same exceptional sentence if his offender score were different. We hold that the trial court did not abuse its discretion in denying Pascuzzi's CrR 7.8 motion and affirm.

FACTS

In 2011, a jury found Pascuzzi guilty of two counts of first degree child molestation. For each count, the jury found an aggravating factor, determining that Pascuzzi had used his position of trust to facilitate both offenses.

The sentencing court imposed an indeterminate sentence under RCW 9.94A.507(3), setting a minimum term with a maximum term of life. Because Pascuzzi's offender score was 8 for both counts, a top-end standard range minimum term would have been 171 months and the maximum term was life. But the sentencing court imposed an exceptional sentence of 200 months to life for each count—29 months above the top of the standard range for the minimum term—to be served concurrently. The judgment and sentence indicated that the sentencing court found "substantial and compelling reasons that [justified] an exceptional sentence" in part because the jury found aggravating factors. Clerk's Papers (CP) at 3.

In findings of fact and conclusions of law supporting the exceptional sentence, the sentencing court found that Pascuzzi's unscored misdemeanor and foreign conviction history, as well as the prior convictions omitted from Pascuzzi's offender score calculation, resulted in a presumptive sentence that was "clearly too lenient." CP at 17 (Finding of Fact (FF) I). The court also included the jury finding that Pascuzzi "used his position of trust or confidence to facilitate

2

the commission of the current" offenses. *Id.* And the sentencing court found that these grounds, "*taken together or considered individually*, [constituted] sufficient cause to impose the exceptional sentence." *Id.* (FF II) (emphasis added). The sentencing court added a handwritten note: "Additionally, this sentence is imposed *regardless of the defendant's offender score*." *Id.* (emphasis added).

In 2021, Pascuzzi filed a CrR 7.8 motion for relief from judgment because his offender score included a Florida drug possession conviction that he argued became void after *Blake*. The trial court determined that the motion was not time barred under RCW 10.73.090 and that Pascuzzi had "made a substantial showing that [he was] entitled to relief." CP at 52. The trial court therefore ordered a show cause hearing as required under the rule.

After the hearing, the trial court denied the CrR 7.8 motion. The trial court explained, "[T]he sentence expressly excluded criminal history calculation, so the effect of *Blake* . . . is, essentially, a non-event." Verbatim Rep. of Proc. at 5.

Pascuzzi appeals the denial of his CrR 7.8 motion.

## ANALYSIS

### I. CrR 7.8 PROCEDURAL REQUIREMENTS

Under CrR 7.8, a superior court "may relieve a party from a final judgment" when the "judgment is void." Former CrR 7.8(b)(4) (2007). The superior court must transfer a defendant's CrR 7.8 motion "to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion" meets certain procedural requirements. Former CrR 7.8(c)(2).

First, the superior court must determine that the motion "is not barred by RCW 10.73.090." *Id.* RCW 10.73.090(1) prohibits a defendant from collaterally attacking a judgment and sentence that became final more than one year ago "if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." A judgment and sentence may be invalid on its face if the sentencing court calculated the defendant's offender score using a conviction *Blake* voided and the reduction in the offender score affected the standard range. *See In re Pers. Restraint of Richardson*, 200 Wn.2d 845, 847, 525 P.3d 939 (2022).

Second, the superior court must determine either that "the defendant has made a substantial showing that [they are] entitled to relief" or that "resolution of the motion will require a factual hearing." Former CrR 7.8(c)(2).

If the superior court "does not transfer the motion to the Court of Appeals," it must order a hearing and direct "the adverse party to appear and show cause why the relief asked for should not be granted." Former CrR 7.8(c)(3).

Here, the trial court concluded that the motion was timely and that Pascuzzi "made a substantial showing that [he was] entitled to relief." CP at 52.

## II. DENIAL OF A CrR 7.8 MOTION

Pascuzzi argues that the trial court erred and we must remand for the trial court to resentence him because his exceptional sentence was based on an erroneously calculated sentencing range. He contends that while the sentencing court clearly intended to impose an exceptional sentence, it is unclear whether the sentencing court would have imposed an "exceptional sentence of the same length" if the top of the standard range had been different. Br. of Appellant at 15. We disagree.

Our review of a trial court's denial of a CrR 7.8 motion is "limited to determining whether the trial court abused its discretion in denying [the] motion." *State v. Larranaga*, 126 Wn. App. 505, 509, 108 P.3d 833 (2005). "A trial court abuses its discretion if its decision rests on untenable factual grounds or was made for untenable legal reasons." *State v. Frohs*, 22 Wn. App. 2d 88, 92, 511 P.3d 1288 (2022).

A CrR 7.8 motion for resentencing is a collateral attack. *State v. Molnar*, 198 Wn.2d 500, 509, 497 P.3d 858 (2021). To obtain relief by collateral attack, a defendant must either show that a constitutional error actually prejudiced them or that a nonconstitutional error amounted to "a fundamental defect resulting in a complete miscarriage of justice." *In re Pers. Restraint of Elmore*, 162 Wn.2d 236, 251, 172 P.3d 335 (2007). A miscalculated offender score is a nonconstitutional error. *See In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 867, 50 P.3d 618 (2002).

In *Goodwin*, a case where the defendant received a standard range sentence, the Washington Supreme Court held that "a sentence based upon a miscalculated offender score is a fundamental defect that results in a complete miscarriage of justice." *Id.* at 876. The court reasoned that Goodwin's miscalculated offender score led to a sentence that was, as a matter of law, "in excess of what [was] statutorily permitted for his crimes." *Id.* at 875-76.

But where a defendant receives an exceptional sentence, an incorrect offender score does not always result in a complete miscarriage of justice. *State v. Parker*, though decided on direct appeal, is instructive. 132 Wn.2d 182, 937 P.2d 575 (1997). In that case, the Washington Supreme Court held that when a "sentencing court incorrectly calculates the standard range before imposing an exceptional sentence, remand is the remedy unless the record clearly indicates the sentencing court would have imposed the same sentence anyway." *Id.* at 189.

In *Parker,* the sentencing judge said, "'I am going to make those sentences run consecutively. I think that adds up to something on the order of, if not exactly, 18 years.'" *Id.* at 192. On appeal, the Supreme Court concluded that this mention of a total sentence of 18 years was not significant because it simply acknowledged the total amount of confinement imposed. *Id.* Thus, this remark was not a clear indication that the sentencing court would have imposed the same exceptional sentence regardless of the standard range.

Here, in contrast, the record shows that the sentencing court would have imposed the same sentence even if Pascuzzi's offender score had been different. The sentencing court specifically wrote that it imposed the 200-month exceptional sentence "*regardless* of the defendant's offender score." CP at 17 (FF II) (emphasis added). The trial court therefore reasonably concluded that Pascuzzi's sentence would not have changed even if the standard ranges for the first degree child molestation convictions had changed.

Pascuzzi has the burden to prove a miscarriage of justice, but he offers no evidence that the sentencing court meant to convey that it would have imposed a sentence 29 months above the top of *any* applicable standard range. Under these particular circumstances, including that the offender score would be reduced by only one point, the trial court's reading of the sentencing judge's language was reasonable and not an abuse of discretion. The miscalculation therefore did not result in a complete miscarriage of justice.

Moreover, unlike in *Goodwin*, there was statutory authority for Pascuzzi's sentence in this case. Former RCW 9.94A.535(2)(b), (2)(d), (3)(n) (2008). The sentencing court imposed an exceptional sentence based on several findings of fact. The sentencing court found that Pascuzzi's unscored misdemeanors, unscored foreign convictions, and other unscored convictions resulted in

a presumptive sentence that was clearly too lenient, and the jury found that Pascuzzi used his position of trust or confidence to facilitate the commission of his offenses. The sentencing court also found that its grounds for the exceptional sentence, "taken together or considered individually, [constituted] sufficient cause to impose the exceptional sentence." CP at 17 (FF II).

The trial court did not abuse its discretion in concluding that the miscalculation of Pascuzzi's offender score was not a fundamental defect resulting in a complete miscarriage of justice.

CONCLUSION

We affirm.

_Glasgow, CJ_
Glasgow, C.J.

We concur:

_Che, J_
Che, J.

_Hull, JPT_
Hull, J.P.T. *

---

* Judge Hull is serving as a judge pro tempore of the court pursuant to RCW 2.06.150.