# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 60061-7-II |
| Respondent, | |
| v. | |
| MAX WILLIAM JAYNES, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, A.C.J. — In 2007, a jury convicted Max W. Jaynes of several offenses including possession of a controlled substance while armed with a firearm. In 2021, our Supreme Court held that the former simple possession statute was unconstitutional. *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). The trial court corrected Jaynes's judgment and sentence to remove the possession conviction and corresponding firearm enhancement. The court, however, declined to vacate his judgment and sentence entirely and to conduct a de novo resentencing hearing because the corrections would not reduce Jaynes's total base sentence length. Jaynes appeals arguing that the court erred in not vacating his judgment and sentence and not conducting a de novo resentencing hearing. We affirm the trial court's order correcting Jaynes's judgment and sentence.

FACTS

In 2003, Jaynes got into an argument with his girlfriend who told him to move out. *State v. Jaynes*, noted at 131 Wn. App. 1058, 2006 WL 541334 at *1 (2006). Jaynes spent the following days partying and heavily using substances. *Id.* Soon after, witnesses observed Jaynes acting

oddly at multiple locations—pacing outside a home, requesting change at a market, and appearing at a recreational vehicle (RV) business, where he seemed incoherent and had dilated pupils and garbled speech. *Id.* Jaynes then went to the nearby trailer park and drove off in a vehicle belonging to Donald McCormick. *Id*

Jaynes returned to the trailer park where he damaged a car with a chain, pointed a gun at an individual, and later confronted McCormick. *Id.* at *1-2. Jaynes pointed a gun at McCormick, attempted to fire it, and ultimately fired a shot into McCormick's car, lodging a bullet in the back seat as McCormick drove away. *Id.* at *2.

Police responded to a 911 call and found Jaynes near a building. *Id.* After an officer ordered Jaynes to drop his weapon, Jaynes fired at the officers, prompting an exchange of gunfire in which Jaynes was shot. *Id.* Police recovered stolen firearms, ammunition, and drug paraphernalia containing methamphetamine residue. *Id.*

The State charged Jaynes with multiple offenses, including unlawful possession of a controlled substance while armed with a firearm. *Id.* Ultimately, the jury found Jaynes guilty of two counts of assault in the first degree, three counts of assault in the second degree, two counts of unlawful possession of a firearm in the first degree, possession of a stolen firearm, and unlawful possession of a controlled substance while armed with a firearm.

Based on an offender score of 15, Jaynes's standard sentence range for one of the assault in the first degree convictions was 240-318 months. The standard sentence range for the other assault in the first degree conviction was 93-123 months. The trial court sentenced Jaynes to 240 months and 93 months respectively for a total base sentence of 333 months. The court ran all other base sentences concurrently to the assault in the first degree sentences.

The trial court imposed 246 months of firearm enhancements to run consecutively to the base sentence. This total included an 18-month firearm enhancement for the simple possession conviction. When combined with the 333-month base sentence for the assault in the first degree convictions, Jaynes's total sentence was 579 months.

After our Supreme Court's decision in *Blake*, Jaynes filed a CrR 7.8 motion to vacate his simple possession conviction and for resentencing on all convictions. The State agreed that the simple possession conviction should be vacated and that the associated firearm enhancement should be removed but argued that *Blake* did not impact the base sentence, which was controlled by the assault in the first degree convictions. The trial court agreed with the State.

The trial court denied Jaynes's request for a full de novo resentencing hearing on all convictions. The court concluded that *Blake* had "no practical difference in the sentence." Clerk's Papers at 136. The court instead entered an order amending Jaynes's judgment and sentence, vacating the simple possession conviction, reducing Jaynes's offender scores by one point, and removing the related 18-month firearm enhancement.

Jaynes appeals the trial court's denial of his motion for a de novo resentencing hearing.

ANALYSIS

Jaynes contends that the trial court erred in not granting his requested relief in his CrR 7.8 motion for a de novo resentencing hearing. We disagree.

I.  STANDARD OF REVIEW

We review a trial court's ruling on a CrR 7.8 motion for an abuse of discretion. *State v. Lamb*, 175 Wn.2d 121, 127, 285 P.3d 27 (2012). "A trial court abuses its discretion if its decision rests on untenable factual grounds or was made for untenable legal reasons." *State v. Frohs*, 22 Wn. App. 2d 88, 92, 511 P.3d 1288 (2022).

II.     CrR 7.8(b)

Under CrR 7.8(b), a superior court may relieve a party from a final judgment. However, a post-conviction motion generally must be filed within one year of the date that the defendant's judgment and sentence becomes final. RCW 10.73.090(1). Jaynes's judgment and sentence became final in 2006, the date that this court issued its mandate following his direct appeal. RCW 10.73.090(3)(b). Jaynes filed his CrR 7.8(b) motion in 2021, well over a year later.

An exception to the one-year time bar is when the judgment and sentence is facially invalid. RCW 10.73.090(1). A judgment and sentence may be facially invalid if the trial court calculated the defendant's offender score using a conviction that *Blake* voided. *State v. Pascuzzi*, 29 Wn. App. 2d 528, 532, 541 P.3d 415, *review denied*, 3 Wn.3d 1007 (2024).

III.    DE NOVO RESENTENCING

In general, when a facially invalid judgment and sentence is vacated, the defendant is entitled to a full de novo resentencing hearing. *State v. Vasquez*, 4 Wn.3d 208, 216, 560 P.3d 853 (2024). But resentencing may not be the correct remedy for a facially invalid judgment and sentence when the invalidity can be cured by correcting the judgment and sentence. *State v. Kelly*, 4 Wn.3d 170, 190, 561 P.3d 246 (2024).

In *Kelly*, the trial court determined that *Blake* caused prejudice to only Kelly's actual conviction for unlawful possession of a controlled substance, not to the sentences on his remaining convictions. *Id*. at 176-77. The Supreme Court agreed that because Kelly's high offender score did not cause his standard sentencing range to change, the inclusion of the *Blake* point in his offender scores was not material to his sentences. *Id*. at 182-85. The materiality of *Blake* to Kelly's case related only to Kelly's actual conviction for unlawful possession of a controlled

substance, which was cured by the trial court vacating that conviction. *Id*. at 190, 196. Therefore, the Supreme Court held that no further relief was required. *Id*. at 196.

Recently, in reviewing several cases on this issue, we recognized that if the trial court does not vacate a judgment and sentence (either explicitly or implicitly by granting a CrR 7.8 motion), if there is no mandate from an appellate court for the trial court to conduct a de novo resentencing hearing, or if the offender's incarceration term will remain the same based on a high offender score (i.e., the *Blake* error is immaterial), then there is no requirement for a full de novo resentencing hearing. *State v. Anderson*, ___ Wn. App. 2d. ____, 583 P.3d 38, 42-46 (2026) (discussing *State v. Ellis*, 5 Wn.3d 549, 563-64, 579 P.3d 37 (2025); *Kelly*, 4 Wn.3d at 190; *Vasquez*, 4 Wn.3d at 216; *State v. McWhorter*, 2 Wn.3d 324, 326, 535 P.3d 880 (2023); *In re Pers. Restraint of Richardson*, 200 Wn.2d 845, 847, 525 P.3d 939 (2022); *State v. Waller*, 197 Wn.2d 218, 225-26, 481 P.3d 515 (2021); *State v. Pascuzzi*, 29 Wn. App. 2d 528, 534, 541 P.3d 415, *review denied*, 3 Wn.3d 1007 (2024)).

IV.    JAYNES'S JUDGMENT AND SENTENCE

Here, the trial court granted Jaynes's CrR 7.8 motion solely to correct the judgment and sentence. The court vacated the simple possession conviction, reduced Jaynes's offender scores by one point based on the vacated conviction and removed the related 18-month firearm enhancement. The trial court did not explicitly or implicitly vacate the whole judgment and sentence. And there was no mandate from this court to do so. Lastly, based on Jaynes's high offender score (9+), his standard sentence range for one of the assault in the first degree convictions remained 240-318 months and the other remained at 93-123 months. His base sentence remained at 333.

Because the trial court did not vacate the judgment and sentence in its entirety, because there was no mandate from this court to conduct a de novo resentencing hearing, and because Jaynes's incarceration term for his base sentence remained the same due to his high offender score (9+), there was no requirement for a full de novo resentencing hearing. *Kelly*, 4 Wn.3d at 190, 196; *Anderson*, 583 P.3d at 42-46. Accordingly, Jaynes fails to show that the trial court abused its discretion in denying his motion for a de novo resentencing hearing.

CONCLUSION

We affirm the court's order correcting Jaynes's judgment and sentence.[1]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, A.C.J.

We concur:

Price, J.

Che, J.

---

[1] The State contends that if the trial court lacked authority to correct the judgment and sentence, the appropriate remedy would be a remand for transfer to this court as a personal restraint petition under CrR 7.8(c)(2). Having found no trial court error, we decline to address this procedural argument.